IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JON FAULKENBERG, BYRON F. LEMASTER, and JF MARKETING, LLC, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) CAUSE NO. 08-CV-521-WDS ) |
| CB TAX FRANCHISE SYSTEMS, LP., COLBERT BALL TAX SERVICE, INC. AL COLBERT, and JA JA BALL, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendants' motion to dismiss for improper venue (Doc. 10), to which plaintiffs have filed a response (Doc. 16), and defendants a reply (Doc. 21). Defendants seek dismissal pursuant to Fed. R. 12(b)(3) on the grounds that the Franchise Agreement between the parties includes a forum selection provision which requires all litigation to be brought in the United States District Court for the Southern District of Texas, and an alternative dispute resolution provision which requires mediation and binding resolution. Defendants removed this action from the Circuit Court for the Third Judicial Circuit, asserting that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

In response to the motion to dismiss, plaintiffs assert that the action belongs in this court pursuant to the Illinois Franchise Act, 815 ILCS 705/6, and that it would be unreasonable to enforce the forum selection clause. The plaintiffs assert that the forum selection clause and any choice of law clauses are void under §§ 4 and 412 of the Illinois Franchise Act.

1

## CHOICE OF LAW AND CHOICE OF FORUM STANDARDS

In diversity litigation it is a familiar principle that federal courts use the whole law of the forum state, including that state's choice-of-law rules. *Malone v. Corrections Corp. of Am.,* 553 F.3d 540, 542 (7th Cir. 2009); *See also, Guaranty Trust Co. v. York,* 326 U.S. 99 (1945). Federal district courts exercising diversity jurisdiction are to apply the choice of law principles of the forum state to determine which state's substantive law governs the proceeding. Illinois generally follows the Restatement (Second) of Conflict of Laws in making choice of law decisions. *Morris B. Chapman & Assocs., Ltd. v. Kitzman,* 739 N.E.2d 1263, 1269 (Ill. 2000). Pursuant to Fed. R. Civ. P. 12(b)(3), courts generally enforce a forum selection clause and dismiss an action when a contract dispute arises over an agreement containing a forum selection clause with sufficiently mandatory language. *See Penn, L.L.C. v. New Edge Network, Inc.,* No. 03 C 5496, 2003 WL 22284207 (N.D. Ill. Oct.3, 2003).

1. **Illinois Franchise Act**

An exception to this general rule can be found in the Illinois Franchise Disclosure Act which will void forum selection clauses in franchise agreements covered by the Act under certain circumstances. 815 ILCS 705/4 ("Any provision in a franchise agreement that designates jurisdiction or venue outside of this State is void, provided that a franchise agreement may provide for arbitration in a forum outside of this State"). Defendants contend that the Franchise Act does not apply in this case because plaintiffs are not Illinois residents and there was no offer of franchise made or accepted in Illinois. Section 2 of the Act provides that the purpose of the Act is to protect Illinois residents. See, *Salkeld v. V.R. Bus. Brokers*, 548 N.E.2d 1151, 1157 (Ill. App. Ct. 1989). (The statute was passed to remedy the perceived evil of nondisclosure in a

franchise purchase and must be liberally construed to carry out legislative intent. *Id.* (citation omitted)).

In response, plaintiffs do not contend that they are Illinois residents, nor that any part of this agreement was completed in Illinois, rather they broadly assert that all or most of the *other* Illinois franchisees are residents of Illinois. Notably, these other franchisees are not parties to this suit, nor does the record reflect that they are tied to or otherwise connected to the plaintiffs in this action. The Court is hard pressed to find a way to make the relationship of other franchisees to Illinois a deciding factor in this case, and rejects that argument.

This is one of those cases where the Illinois Act does not override the parties' agreement in the contract. And the Court **FINDS** that the Act does not render the choice of forum clause void.

2. **Whether the Clause Should Be Enforced**

As an alternative, plaintiffs claim that it would be unreasonable to enforce the forum selection clause. Plaintiffs assert that the defendants "spliced" together the pages that were signed and that somehow, the plaintiffs were unaware of what they were signing. They assert that the inclusion of the clause in the contract was a result of fraud or overreaching, and that they are entitled to an evidentiary hearing and a jury trial in this venue on the venue motion. The defendants, in reply, assert that plaintiffs knew what they were signing, and that they knew they were completing pages from a standard franchise agreement. All of these issues are simply best left to the Court in the forum selected as part of the contract. Whether there was fraud with respect to any of the contract terms is a matter that is properly addressed to the forum court. And, if a contract exists, whether there is a requirement that conflicts under the contract be arbitrated

is also best left for the Texas court.  Therefore, the Court **DENIES** without prejudice, the motion to compel arbitration (Doc. 24).

## **CONCLUSION**

Accordingly, the Court **GRANTS** defendants' motion to dismiss for improper venue (Doc. 10), and this matter is, accordingly, **DISMISSED**.  The plaintiffs may pursue their action in the appropriate Texas court.

**IT IS SO ORDERED.**

**DATED: March 24, 2009.**

                                                    s/ WILLIAM D. STIEHL
                                                    **District Judge**